United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 09, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-32141-H5-11 |
| | § | |
| SILVER TRIDENT DISTRIBUTIONS, LLC | § | |
| | § | |
| *Debtor(s)* | § | CHAPTER 11 |

**ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11 (docket #61)**

On this date came before this Court the debtors Plan of Reorganization for Small Business Under Chapter 11. The court, finding the plan has been transmitted to creditors and equity security holders; and it having been determined after notice and hearing that the requirements for confirmation set forth in 11 U.S.C. § 1191 have been satisfied, does hereby find that the Plan of Reorganization for Small Business Under Chapter 11 filed by Silver Trident Distributions on September 5, 2023 and appearing as docket #61, should be CONFIRMED. It is therefore:

**ORDERED** the Plan of Reorganization for Small Business Under Chapter 11 filed by Silver Trident Distributions, LLC on September 5, 2023 and appearing as docket #61, is CONFIRMED under Title 11 U.S.C. § 1191(b). A copy of the confirmed plan is attached as Exhibit A. It is further;

**ORDERED** that notwithstanding anything in the Plan or this Order,

The Subchapter V Trustee, or any individual other than the Subchapter V Trustee serving as the disbursing agent under the Plan, shall timely file post-confirmation reports, in a form reasonably acceptable to the U.S. Trustee, with the Bankruptcy Court for each quarter (including any fraction thereof) after the Effective Date until the case is closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.

No later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve upon the Subchapter V Trustee, U.S. Trustee, and all parties in interest, a notice of substantial consummation of the Plan as required under 11 U.S.C. §1183(c)(2).

After (i) the estate is fully administered, (ii) the Subchapter V Trustee has filed a final report and obtained an award of compensation, and (iii) the discharge has been entered (in the event of a plan confirmed under section 1191(b)), the Debtor shall file with the Bankruptcy Court a motion for final decree to close the case. It is further;

**ORDERED** The Subchapter V Trustee shall be the disbursing agent for all distributions made under the plan. The Debtor shall be required to pay a post-confirmation retainer to the

Subchapter V Trustee of $750.00 monthly. As disbursing agent, the Trustee may pay his post-confirmation fees without further order of the Court on 14-days negative notice. The Subchapter V Trustee may file a Notice Regarding Payment of Fees, which shall include fees and expenses incurred by the trustee on a quarterly basis. If no party objects to the notice, after 14 days, the Subchapter V Trustee may pay the fees and expenses. If a party in interest does object, the Court will set a hearing to determine whether the fees and expenses incurred by the Subchapter V Trustee are reasonable and necessary.

Payments by the Debtor to the Subchapter V Trustee are due by the 15th of the month, with the first plan payment due on the 15th of the month following confirmation. The Subchapter V Trustee will beginning making distributions under the plan within 60 days of plan confirmation.

The payments to unsecured creditors will be escrowed by the Subchapter V Trustee or the Debtor and paid on at least an annual basis.

The Debtor shall provide the Subchapter V Trustee access to information and access otherwise to fulfill all duties pursuant to § 1183.

Default remedies under the Plan include liquidation and/or removal of the Debtor, and the Court should retain jurisdiction to enforce and interpret the Plan; and

Any modification of plan payments must be filed and noticed by the Debtor or by Subchapter V Trustee. It is further;

**ORDERED** that in accordance with Title 11 U.S.C. § 1142, debtor is authorized and directed, without the necessity of any further approval, to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms. It is further;

**ORDERED** that debtor shall pay the remainder of its approved Subchapter V fees and expenses within thirty (30) days from the date of this Order, or within 30 days from the date of the order approving the Subchapter V fees and expenses. The debtor shall file with the Bankruptcy Court all required monthly operating reports. It is further;

**ORDERED** that notwithstanding anything in the plan to the contrary, nothing divests any tribunal of any jurisdiction to interpret this Order or the Plan or to adjudicate any claim or defense asserted under this Order or the Plan. It is further;

**ORDERED** that this Court retains jurisdiction to interpret and enforce the Plan and this Order.

Signed: February 09, 2024

Jeffrey P. Norman
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-32141-H5-11 |
| | § | |
| SILVER TRIDENT DISTRIBUTIONS, LLC | § | |
| | § | |
| *Debtor(s)* | § | CHAPTER 11 |

## CHAPTER 11 PLAN OF REORGANIZATION FOR SMALL BUSINESS

<u>Silver Trident Distributions, LLC's Plan of Reorganization, Dated September 5, 2023.</u>

**Background for Cases filed under Subchapter V:**

A. **Description and History of the Debtor's Business:**

Debtor was formed January 15, 2015 as a limited liability corporation in the State of Texas and operates as a wholesale reseller of custom blended soap. Debtor's primary income is derived from merchants providing car washing services. Debtor serves local markets in the Houston and surrounding areas.

Debtor currently has six (6) non-insider W-2 employees who are paid weekly hourly wages. Debtor's owner and managing member is the sole insider W-2 employee and manages the daily affairs of the business.

Debtor was forced to seek protection under Title 11 after being faced with increased material costs, market retraction, and lawsuits from creditors. Debtor has a viable business platform and intends to reorganize under chapter 11. This, when taken together with other operational changes and improvements will serve as the backdrop for a viable plan of reorganization. Such changes include marketing pushes, analyzing vendor pricing to ensure debtor is receiving the best price for inventory and raw materials, reviewing current pricing and bid structures to obtain future work, and pushing for increased sales.

B. **Liquidation Analysis:**

To confirm this Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit A.

C. **Ability to Make Future Plan Payments and Operate Without Further Reorganization:**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit B.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $1,500.00

The final Plan payment is expected to be paid on January 1, 2029.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

**Article 1: Summary**

This plan of reorganization (*the Plan*) under chapter 11 of the bankruptcy code (*the Code*) proposes to pay the creditors of **Silver Trident Distributions, LLC** (*the Debtor*) from cash flow from operations and future income.

This plan provides for:
- 1  class of priority claims;
- 3  classes of secured claims;
- 1  class of non-priority unsecured claims; and
- 1  class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions which the proponent of this Plan has valued at approximately **8.39** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**Article 2: Classification of Claims and Interests**

2.01   **Class 1……………………..**   All allowed claims entitled to priority under § 507(a) of the Code (*except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)*). Debtor's pre-petition priority creditors meeting the above classification are listed below: **None.**

2.02 **Class 2**……………………  All allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to set-off) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim. Debtor's pre-petition secured claims are separately classified, as outlined below:

**Class 2.01.** The claim of **Montgomery County Tax Office** to the extent as an allowed secured claim under § 506 of the Code.

**Class 2.02.** The claim of **Live Oak Bank** to the extent as an allowed secured claim under § 506 of the Code.

**Class 2.03.** The claim of **Live Oak Bank** to the extent as an allowed secured claim under § 506 of the Code.

2.03 **Class 3**……………………  All non-priority unsecured claims allowed under § 502 of the Code.

2.04 **Class 4**……………………  Equity interests of the Debtor.

**Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

3.01 **Unclassified Claims**………  Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 **Administrative Expense Claims**……………………  If the Debtor's Plan is confirmed under § 1191(a), each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

If the Debtor's Plan is confirmed under § 1191(b), each holder of an administrative expense claim allowed under § 503 of the Code will be paid $1,500.00 per month beginning 30 days following the effective date of the plan until such claim is paid in full.

Debtor's administrative expense claims are estimated below:

**Michael Hardwick Law, PLLC**: $10,000.00 (estimated), less any retainer on hand, subject to final approval of the Bankruptcy Court.

**Jarrod Martin, Subchapter V Trustee**: $4,000.00 (estimated), less any funds paid pursuant to Court order, subject to final approval of the Bankruptcy Court.

3.03 **Priority Tax Claims**……… Each holder of a § 507(a)(8) priority tax claim will receive regular installment payments equal to the allowed amount of such claim over a period ending not later than 5 years from June 7, 2022, with interest pursuant to § 511. Debtor's § 507(a)(8) priority tax claims are listed below:

**None.**

3.04 **Statutory Fees**……………. All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

3.05 **Prospective Quarterly Fees**……………………….. All quarterly fees, if required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7), will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.

**Article 4:  Treatment of Claims and Interests Under the Plan**

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Claim |
|---|---|---|
| Class 1 – Priority Claims Excluding those in Article 3 | N/A | None. |
| Class 2.01 – Secured Claim of **Montgomery County** | Impaired | Claim: $3,123.47, plus any accrued penalties/interest from the date of filing the order for relief. |

The secured claim of **Montgomery County** in the amount of $3,123.47 will be paid in equal monthly installments over a twelve (12) month period following the effective date of the plan, with interest accruing at 12% pursuant to § 511, amortized from the date of delinquency. Thus, payments to Montgomery County will be $277.52 beginning 30 days following the effective date of the plan. Any amounts due and owing upon the final monthly payment shall be paid in full together with the final monthly payment. Montgomery County shall retain its liens until the taxes are paid in full. Failure of debtor

to timely pay all future taxes owed to Montgomery County will constitute an event of default and will be subject to the provisions of Article 10.02.

Class 2.02 – Secured Claim    Impaired         Claim: $577,747.08
of **Live Oak Bank**

The secured claim of Live Oak Bank in the amount of $577,747.08 is secured by multiple liens on real property commonly known as 2453 N Pinewood Lane, Conroe, TX 77306.

The first lien is current and paid monthly by Z Square Holdings, LLC from rent received by the debtor. Z Square Holdings, LLC will continue to make monthly payments pursuant to the contractual terms between Z Square Holdings, LLC and Live Oak Bank.

Live Oak Bank also holds a second lien against all business assets of debtor to further secure the Z Square Holdings, LLC note. Thus, if real property commonly known as 2453 N Pinewood Lane, Conroe, TX 77306 were to be liquidated, any net proceeds would be paid first to the lien owed by Z Square holdings, and then to the lien owed by debtor. Debtor estimates net equity in the amount of $128,887.40. This amount will be paid by the debtor as part of the claim detailed in Class 2.03.

Class 2.03 – Secured Claim    Impaired         Claim: $716,306.74
of **Live Oak Bank**

The secured portion of Live Oak Bank's claim in the amount of $317,897.47 will be paid in equal monthly installments over a 10-year period following the effective date of the plan with interest accruing at 9.5%. Thus, payments to Live Oak Bank will be $4,113.52 beginning 30 days following the effective date of the plan. Live Oak Bank, LLC shall retain its lien until the secured portion of its claim is paid in full. The bifurcated portion of Live Oak Bank's claim in the amount of $398,409.27 is classified as a general, unsecured claim.

Class 3 – **Non-priority**    Impaired    Est. Allowed Claims: $1,071,820.17
**Unsecured Creditors**

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. **The allowed general unsecured claims will be paid 8.39% of their claim in quarterly installments over a period of 5 years.** Payments will be due and payable beginning on the 15th day of April 2023 (with payments being made every July 15, October 15th, and January 15th thereafter). The amount to be paid pro-rata is currently estimated at $90,000.00.

Class 4 – **Equity Security**    Impaired
**Holders of the Debtor**

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. **Virendra A. Patel** is the only equity interest holder in the debtor and will

retain his ownership interest in the limited liability corporation. Viendra A. Patel will receive no distributions under this plan on account of pre-petition insider claims, if any.

**Article 5:  Allowance and Disallowance of Claims**

5.01   **Disputed Claim…………...**   A disputed claim is a claim that has not been allowed or disallowed (by a final non-appealable order), and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   **Delay of distribution on a disputed claim……………**   No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03   **Settlement of disputed claims……………………...**   The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**Article 6:  Provisions for Executory Contracts and Unexpired Leases**

6.01   **Assumed executory contracts and unexpired leases………………………**   (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:

**Z Square Holdings, LLC**

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **60** days after the date of the order confirming this Plan.

**Article 7:  Means for Implementation of the Plan**

The plan of reorganization will be funded by the Debtor through cash flow from operations and future income.  Viendra A. Patel will remain in control of the reorganized debtor.

**Article 8:  General Provisions**

| | | |
|---|---|---|
| 8.01 | **Definitions and Rules of Construction……………...** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. |
| 8.02 | **Effective Date…………….** | The effective date of this Plan is the first business day following the date that is 45 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability……………….** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect…………….** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to, the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions…………………..** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect………..** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate Governance…..** | New organizational documents will prohibit the issuance of new, non-voting securities and provide for an appropriate distribution of voting power if additional classes of securities possessing such power are issued. |
| 8.08 | **Retention of Jurisdiction...** | After confirmation, the Court retains and may exercise jurisdiction over proceedings concerning: (1) whether Debtor is in material default under this Plan, (2) whether |

        the time for performing any Plan obligation should be extended, (3) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in the Plan filed with the Court, (4) whether the case should be dismissed or converted to one under chapter 7, (5) any proceedings to allow or disallow claims or administrative expenses (except those incurred after the Effective Date, unless otherwise stated in attached exhibits to the Plan), (6) settlements or compromises under Rule 9019, (7) any proceedings under §§ 110, 329, or 362, or regarding sanctions, and (8) any other proceedings, whether or not commenced or contemplated as of the Effective Date, regarding the implementation, interpretation, or enforcement of this Plan or the administration of the bankruptcy case or estate. The retention of jurisdiction, however, will end on the later of (a) 3 years after the Effective Date, or (b) as to any then-pending adversary proceeding or contested matter, when it is finally resolved by a judgment or order.

## Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

    (i)    imposed by this Plan; or

    (ii)    to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

    (i)    on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or

    (ii)    excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

10.01  **Vesting of Property**……....  On the Effective Date, title to all assets and properties dealt with by the Plan shall vest in Debtor, free and clear

of all claims and interests other than any contractual secured claims granted under any lending agreement, on the condition that Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan. If Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7, all property vested in Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

10.02 **Default…………………….** Any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law. In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the reorganized Debtor to make a payment to a claimant pursuant to the terms of the Plan shall be an Event of Default. If the reorganized Debtor fails to cure an Event of Default within ten (10) days after service of written notice of default, the claimant may (a) enforce the entire amount of its claim, (b) exercise all rights and remedies under applicable non-bankruptcy law, and (c) seek such relief as may be appropriate in this Court. Notice of the default shall be served by first class mail upon the reorganized Debtor at: Silver Trident Distributions, LLC, 2453 N Pinewood Ln, Conroe, TX 77306 Attn: Virendra A. Patel and upon Debtor's attorney at: Michael Hardwick Law, PLLC, 2200 North Loop West, Suite 345, Houston, TX 77018, Attn: Michael L. Hardwick.

The Debtor shall be allowed to cure up to two (2) defaults. Upon a third default, the claimant, at its option, may declare the default non-curable and proceed to collect the remainder of the debt.

**(this space intentionally left blank – signatures follow)**

**Respectfully Submitted:**


/s/ Virendra A. Patel
**Silver Trident Distributions, LLC**
**by: Virendra A. Patel, its Owner and Managing Member**


**MICHAEL HARDWICK LAW, PLLC**

/s/ Michael L. Hardwick
Michael L. Hardwick
State Bar No. 24088745
2200 North Loop West, Suite 345
Houston, TX 77018
(832) 930-9090 – Telephone
(832) 930-9091 – Facsimile
michael@michaelhardwicklaw.com
Attorney for Debtor

**Exhibit A:  Liquidation Analysis**

**Silver Trident Distributions, LLC's Estimated Liquidation Value of Assets**

**Assets without pre-existing liens: None.**

| | | |
|---|---|---|
| **Total Assets at Liquidation Value** | $ | 0.00 |
| Less:  Secured creditors' recoveries | - $ | 0.00 |
| Less:  Chapter 7 trustee fees and expenses | - $ | 0.00 |
| Less:  Chapter 11 administrative expenses | - $ | 25,000.00 (estimate) |
| Less:  Priority claims, excluding administrative expense claims | - $ | <u>0.00</u> |
| (1) Balance for unsecured claims | $ | 0.00 |
| (2) Total dollar amount of unsecured claims (estimate) | $ | $1,071,820.17 |
| **Percentage of claims which unsecured creditors would receive or retain in chapter 7 liquidation** | % | 0.00 |
| **Percentage of claims which unsecured creditors will receive or retain under the Plan** | % | 8.39 |

Silver Trident Distributions, LLC  
Financial Projections

|  | Nov-23 | Dec-23 |
|---|---|---|
| Gross Income | 126,700.00 | 126,700.00 |
|  |  |  |
| Cost of Goods Sold | 66,951.42 | 66,951.42 |
| Freight and Shipping | 2,625.00 | 2,625.00 |
|  |  |  |
| Total Income | 57,123.58 | 57,123.58 |
|  |  |  |
| Advertising and Promotion | 2,458.00 | 2,458.00 |
| Automobile Expense |  |  |
| Fuel Juan | 957.29 | 957.29 |
| Fuel Manuel | 1,026.35 | 1,026.35 |
| Fuel Viren | 740.99 | 740.99 |
| Vehicle Repairs & Maintenance | 875.00 | 875.00 |
| Business and Vehicle Insurance | 2,100.00 | 2,100.00 |
| Dues, Subscriptions & Fees | 625.00 | 625.00 |
| Meals and Entertainment | 415.00 | 415.00 |
| Office Expense | 1,291.00 | 1,291.00 |
| Payroll Expenses | 26,578.00 | 26,578.00 |
| Payroll Fees | 120.00 | 120.00 |
| Postage & Shipping | 625.00 | 625.00 |
| Printing and Labeling and Ink | 790.00 | 790.00 |
| Professional Fees |  |  |
| Accounting services | 600.00 | 600.00 |
| Legal Expenses (Trustee Fee) | 1,000.00 | 1,000.00 |
| Attorney Fees | 1,500.00 | 1,500.00 |
| Rent Expense | 4,750.00 | 4,750.00 |
| Telephone Expense | 387.50 | 387.50 |
| Tolls, Parking, Towing, Taxi | 550.00 | 550.00 |
| Utilities | 2,050.00 | 2,050.00 |
| Warehouse Supplies & Expense | 1,791.66 | 1,791.66 |
| Misc. Expenses | 1,000.00 | 1,000.00 |
|  |  |  |
| Live Oak Bank | 4,000.00 | 4,000.00 |
| Montgomery County |  |  |
| Unsecured Creditors |  |  |
|  |  |  |
| Total Expenses | 56,230.79 | 56,230.79 |
|  |  |  |
| Net Income | 892.79 | 892.79 |

| | Jan-24 | Feb-24 | Mar-24 | Apr-24 | May-24 | Jun-24 | Jul-24 | Aug-24 | Sep-24 | Oct-24 | Nov-24 | Dec-24 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gross Income | 126,700.00 | 126,700.00 | 126,700.00 | 126,700.00 | 126,700.00 | 126,700.00 | 126,700.00 | 126,700.00 | 126,700.00 | 126,700.00 | 126,700.00 | 126,700.00 |
| Cost of Goods Sold | 66,951.42 | 66,951.42 | 66,951.42 | 66,951.42 | 66,951.42 | 66,951.42 | 66,951.42 | 66,951.42 | 66,951.42 | 66,951.42 | 66,951.42 | 66,951.42 |
| Freight and Shipping | 2,400.00 | 2,400.00 | 2,400.00 | 2,400.00 | 2,625.00 | 2,625.00 | 2,625.00 | 2,625.00 | 2,625.00 | 2,625.00 | 2,625.00 | 2,625.00 |
| Total Income | 57,348.58 | 57,348.58 | 57,348.58 | 57,348.58 | 57,123.58 | 57,123.58 | 57,123.58 | 57,123.58 | 57,123.58 | 57,123.58 | 57,123.58 | 57,123.58 |
| Advertising and Promotion | 2,958.33 | 2,958.33 | 2,958.33 | 2,958.33 | 2,958.33 | 2,958.33 | 2,958.33 | 2,958.33 | 2,958.33 | 2,958.33 | 2,958.33 | 2,958.33 |
| Automobile Expense | | | | | | | | | | | | |
|   Fuel Juan | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 |
|   Fuel Manuel | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 |
|   Fuel Viren | 740.99 | 740.99 | 740.99 | 740.99 | 740.99 | 740.99 | 740.99 | 740.99 | 740.99 | 740.99 | 740.99 | 740.99 |
|   Vehicle Repairs & Maintenance | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 |
| Business and Vehicle Insurance | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 |
| Dues, Subscriptions & Fees | 525.00 | 525.00 | 525.00 | 525.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 |
| Meals and Entertainment | 315.00 | 315.00 | 315.00 | 315.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 |
| Office Expense | 1,215.00 | 1,215.00 | 1,215.00 | 1,215.00 | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 |
| Payroll Expenses | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 |
|   Payroll Fees | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 |
| Postage & Shipping | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 |
| Printing and Labeling and Ink | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 |
| Professional Fees | | | | | | | | | | | | |
|   Accounting services | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 |
|   Legal Expenses (Trustee Fee) | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Attorney Fes | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | | | | | | | | |
| Rent Expense | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 |
| Telephone Expense | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 |
| Tolls, Parking, Towing, Taxi | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 |
| Utilities | 2,050.00 | 2,050.00 | 2,050.00 | 2,050.00 | 2,050.00 | 2,050.00 | 2,050.00 | 2,050.00 | 2,050.00 | 2,050.00 | 2,050.00 | 2,050.00 |
| Warehouse Supplies & Expense | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 |
| Misc. Expenses | | | | | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Live Oak Bank | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 |
| Montgomery County | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 |
| Unsecured Creditors | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Total Expenses | 57,346.16 | 57,346.16 | 57,346.16 | 57,346.16 | 57,122.16 | 57,122.16 | 57,122.16 | 57,122.16 | 57,122.16 | 57,122.16 | 57,122.16 | 57,122.16 |
| Net Income | 2.42 | 2.42 | 2.42 | 2.42 | 1.42 | 1.42 | 1.42 | 1.42 | 1.42 | 1.42 | 1.42 | 1.42 |

|  | Jan-25 | Feb-25 | Mar-25 | Apr-25 | May-25 | Jun-25 | Jul-25 | Aug-25 | Sep-25 | Oct-25 | Nov-25 | Dec-25 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gross Income | 129,000.00 | 129,000.00 | 129,000.00 | 129,000.00 | 129,000.00 | 129,000.00 | 129,000.00 | 129,000.00 | 129,000.00 | 129,000.00 | 129,000.00 | 129,000.00 |
| Cost of Goods Sold | 68,000.00 | 68,000.00 | 68,000.00 | 68,000.00 | 68,000.00 | 68,000.00 | 68,000.00 | 68,000.00 | 68,000.00 | 68,000.00 | 68,000.00 | 68,000.00 |
| Freight and Shipping | 2,675.00 | 2,675.00 | 2,675.00 | 2,675.00 | 2,675.00 | 2,675.00 | 2,675.00 | 2,675.00 | 2,675.00 | 2,675.00 | 2,675.00 | 2,675.00 |
| Total Income | 58,325.00 | 58,325.00 | 58,325.00 | 58,325.00 | 58,325.00 | 58,325.00 | 58,325.00 | 58,325.00 | 58,325.00 | 58,325.00 | 58,325.00 | 58,325.00 |
| Advertising and Promotion | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 |
| Automobile Expense |  |  |  |  |  |  |  |  |  |  |  |  |
| Fuel Juan | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 | 957.29 |
| Fuel Manuel | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 | 1,026.35 |
| Fuel Viren | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 |
| Vehicle Repairs & Maintenance | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 |
| Business and Vehicle Insurance | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 |
| Dues, Subscriptions & Fees | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 |
| Meals and Entertainment | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 |
| Office Expense | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 | 1,291.00 |
| Payroll Expenses | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 | 26,578.00 |
| Payroll Fees | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 |
| Postage & Shipping | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 |
| Printing and Labeling and Ink | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 |
| Professional Fees |  |  |  |  |  |  |  |  |  |  |  |  |
| Accounting services | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 |
| Legal Expenses | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Rent Expense | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 |
| Telephone Expense | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 |
| Tolls, Parking, Towing, Taxi | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 |
| Utilities | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| Warehouse Supplies & Expense | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 |
| Misc. Expenses | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Property Tax | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 |
| Live Oak Bank | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 |
| Unsecured Creditors | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Total Expenses | 58,323.83 | 58,323.83 | 58,323.83 | 58,323.83 | 58,323.83 | 58,323.83 | 58,323.83 | 58,323.83 | 58,323.83 | 58,323.83 | 58,323.83 | 58,323.83 |
| Net Income | 1.17 | 1.17 | 1.17 | 1.17 | 1.17 | 1.17 | 1.17 | 1.17 | 1.17 | 1.17 | 1.17 | 1.17 |

|  | Jan-26 | Feb-26 | Mar-26 | Apr-26 | May-26 | Jun-26 | Jul-26 | Aug-26 | Sep-26 | Oct-26 | Nov-26 | Dec-26 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gross Income | 132,000.00 | 132,000.00 | 132,000.00 | 132,000.00 | 132,000.00 | 132,000.00 | 132,000.00 | 132,000.00 | 132,000.00 | 132,000.00 | 132,000.00 | 132,000.00 |
| Cost of Goods Sold | 69,000.00 | 69,000.00 | 69,000.00 | 69,000.00 | 69,000.00 | 69,000.00 | 69,000.00 | 69,000.00 | 69,000.00 | 69,000.00 | 69,000.00 | 69,000.00 |
| Freight and Shipping | 2,800.00 | 2,800.00 | 2,800.00 | 2,800.00 | 2,800.00 | 2,800.00 | 2,800.00 | 2,800.00 | 2,800.00 | 2,800.00 | 2,800.00 | 2,800.00 |
| Total Income | 60,200.00 | 60,200.00 | 60,200.00 | 60,200.00 | 60,200.00 | 60,200.00 | 60,200.00 | 60,200.00 | 60,200.00 | 60,200.00 | 60,200.00 | 60,200.00 |
| Advertising and Promotion | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 |
| Automobile Expense |  |  |  |  |  |  |  |  |  |  |  |  |
| Fuel Juan | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Fuel Manuel | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 |
| Fuel Viren | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 | 750.99 |
| Vehicle Repairs & Maintenance | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 |
| Business and Vehicle Insurance | 2,600.00 | 2,600.00 | 2,600.00 | 2,600.00 | 2,600.00 | 2,600.00 | 2,600.00 | 2,600.00 | 2,600.00 | 2,600.00 | 2,600.00 | 2,600.00 |
| Dues, Subscriptions & Fees | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 |
| Meals and Entertainment | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 | 415.00 |
| Office Expense | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 |
| Payroll Expenses | 27,950.00 | 27,950.00 | 27,950.00 | 27,950.00 | 27,950.00 | 27,950.00 | 27,950.00 | 27,950.00 | 27,950.00 | 27,950.00 | 27,950.00 | 27,950.00 |
| Payroll Fees | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 |
| Postage & Shipping | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 | 625.00 |
| Printing and Labeling and Ink | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 | 790.00 |
| Professional Fees |  |  |  |  |  |  |  |  |  |  |  |  |
| Accounting services | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 |
| Legal Expenses (Trustee Fee) | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Rent Expense | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 | 4,750.00 |
| Telephone Expense | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 | 387.50 |
| Tolls, Parking, Towing, Taxi | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 | 550.00 |
| Utilities | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| Warehouse Supplies & Expense | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 | 1,791.66 |
| Misc. Expenses | 1,025.00 | 1,025.00 | 1,025.00 | 1,025.00 | 1,025.00 | 1,025.00 | 1,025.00 | 1,025.00 | 1,025.00 | 1,025.00 | 1,025.00 | 1,025.00 |
| Property Tax | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 | 277.52 |
| Live Oak Bank | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 | 4,113.52 |
| Unsecured Creditors | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Total Expenses | 60,196.19 | 60,196.19 | 60,196.19 | 60,196.19 | 60,196.19 | 60,196.19 | 60,196.19 | 60,196.19 | 60,196.19 | 60,196.19 | 60,196.19 | 60,196.19 |
| Net Income | 3.81 | 3.81 | 3.81 | 3.81 | 3.81 | 3.81 | 3.81 | 3.81 | 3.81 | 3.81 | 3.81 | 3.81 |